Filed 3/19/26  In re C.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re C.S., a Person Coming Under the Juvenile Court Law. | C102995 |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> C.S., <br><br> Defendant and Appellant. | (Super. Ct. No. JJC-JV-DE-2022-0001044) |

Appointed counsel for minor C.S. asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to the minor, we will affirm the judgment.

I

In September 2022, two female guests got into an argument at dinner at the Lodi residence J.L. shared with the victim, Jessie Martinez.  J.L. told them to go outside.  Outside, the dispute turned into a physical altercation.  One of the females called someone to report "they jumped me, and they robbed me . . . ."  The females left to go

1

to a nearby convenience store. About 15 or 20 minutes later, J.L., Martinez, and their two-year-old son were leaving to go to a relative's house, when a group of three females, including the minor C.S., and one male arrived. The group rushed at J.L., screaming "Where's my sister? What did you do with my sister?" J.L. told them their sister was fine, she had gone to the convenience store. The male, wearing a mask, struck J.L. in the face with a firearm. J.L. pushed the females off and ran for the door of the residence, dragging his son inside. Martinez followed them in. Martinez repeatedly shouted that she was pregnant. As Martinez was closing the door, C.S. stabbed her in the chest. Martinez closed the door and told J.L. that she had been stabbed. C.S. kept kicking at the door. When C.S. stopped, J.L. went to Martinez to put pressure on her wound and called 911.

Martinez died from a single stab wound to the chest. She was pregnant with a fetus 14 to 16 weeks old.

Video from a camera at a neighbor's house recorded a female voice saying that she had stabbed someone. In a video on C.S.'s cell phone from the night of the homicide, C.S. said she " 'banged a bitch out' " and showed blood on her hand.

At the jurisdictional hearing, C.S. testified that another female, B.F., stabbed the victim. C.S. said she saw B.F. with the knife in her hand afterward wiping it on the grass. In the video where C.S. said she " 'had to bang a bitch out,' " C.S. explained she was referring to a subsequent fight at the convenience store. She said the blood on her hands was from an eyebrow razor she tried to use in the fight but cut herself. In rebuttal, a detective testified that he had interviewed B.F., and the voice in the video saying " 'I stabbed her' " sounded like C.S., not B.F.

At the conclusion of a contested jurisdictional hearing, the juvenile court sustained allegations in the Welfare and Institutions Code section 602 petition that C.S. committed two counts of willful, deliberate and premeditated murder (Pen. Code, § 187, subd. (a)) and found true allegations of personal use of a weapon, a knife (Pen. Code, § 12022,

2

subd. (b)(1)).  The juvenile court adjudged C.S. a ward of the court, declared the offense a felony, committed the minor to a secure youth treatment facility, set a baseline of seven years, and a maximum period of confinement of 25 years to life with actual confinement not to exceed the age of 25.  The juvenile court awarded 845 days of precommitment credit, ordered victim restitution in an amount to be determined, and ordered C.S. and her parents to pay $14,925.56 to the victim's restitution fund.

                                   II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  C.S. was advised by counsel of the right to file a supplemental brief within 30 days of filing the opening brief.  More than 30 days elapsed and we received no communication from C.S.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

                             DISPOSITION

The disposition order is affirmed.


                                   _____/S/_____
                                   MAURO, Acting P. J.


We concur:


_____/S/_____
KRAUSE, J.


_____/S/_____
FEINBERG, J.